IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK MCKAY,  *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| TED KRIMMEL *et al.*,  *Defendants* | : | NO. 18-2112 |

## ORDER

**AND NOW**, this 24th day of March, 2020, upon consideration of Defendant Brian Hessenthaler's Motion to Dismiss (Doc. No. 66), Defendants Christopher Grayo's and Joseph Gansky's Motion to Dismiss (Doc. No. 68), *pro se* Plaintiff Mark McKay's response thereto (Doc. No. 74), and Mr. Hessenthaler's Motion for Default Judgment (Doc. No. 75), it is **ORDERED** that:

1. Officer Grayo's and Officer Gansky's Motion to Dismiss (Doc. No. 68) is **GRANTED IN PART and DENIED IN PART** for the reasons set forth in the accompanying Memorandum;

2. Mr. McKay's claims against Mr. Hessenthaler and Ted Krimmel are **DISMISSED WITHOUT PREJUDICE**;[1] and

---

[1] Under Federal Rule of Civil Procedure 41(a)(1), a plaintiff may voluntarily "dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Here, Mr. McKay did not file a separate notice of voluntary dismissal, but voluntarily withdrew his claims against Chief Krimmel and Mr. Hessenthaler in his opposition to Officers Grayo's and Gansky's motion to dismiss. Because Mr. McKay is proceeding *pro se*, the Court will construe Mr. McKay's withdrawal as a notice of voluntary dismissal under Rule 41.

Mr. Hessenthaler has filed a motion to dismiss Mr. McKay's amended complaint, but he has not yet filed an answer or a motion for summary judgment. Therefore, the Court dismisses Mr. McKay's claims against Mr. Hessenthaler pursuant to Rule 41(a)(1)(A)(i).

Chief Krimmel, however, has already filed an answer to Mr. McKay's amended complaint. Therefore, the Court can only dismiss Mr. McKay's claims against Chief Krimmel upon a stipulation of

1

3. Mr. Hessenthaler's Motion to Dismiss (Doc. No. 66) and Motion for Default Judgment (Doc. No. 75) are **DEEMED MOOT**.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

dismissal signed by both Mr. McKay and Chief Krimmel or "by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(1)(A)(ii)–(a)(2).

"Whether to grant or deny a party's motion for voluntary dismissal . . . lies entirely within the sound discretion of the court." *Weedon v. Wetzel*, No. 14-1963, 2016 WL 6525210, at *1 (M.D. Pa. Nov. 3, 2016) (citations omitted). "Motions to voluntarily dismiss an action 'should be allowed unless a defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" *Id.* (quoting *United States v. Eighteen Various Firearms*, 148 F.R.D. 530, 531 (E.D. Pa. 1993)).

The Court finds that Chief Krimmel (as well as Mr. Hessenthaler) will suffer no prejudice if the Court dismisses the claims against him without prejudice. "Although dismissal without prejudice subjects [Chief Krimmel] to the possibility that the plaintiff may seek to reassert claims against him at a later date, if the plaintiff does so, [Chief Krimmel] will be able to assert all the defenses he has done to date, . . . as well as additional defenses that may become available to him with the passage of time, including the statute of limitations and res judicata." *Johnson v. City of Phila.*, No. 07-2966, 2007 WL 4616905, at *1 (E.D. Pa. Nov. 19, 2007). Furthermore, "[t]he likelihood of a second lawsuit does not constitute prejudice." *Natralite Filters, Inc. v. Rexel, Inc.*, No. 09-2680, 2010 WL 1783535, at *1 (E.D. Pa. Apr. 23, 2010) (citing *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990)).

For these reasons, the Court dismisses Mr. McKay's claims against Mr. Hessenthaler and Chief Krimmel without prejudice.